IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:17 CR 420 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| ALCIDES GARCIA, et al., | ) | |
| | ) | |
| Defendant | ) | |

Now comes Defendant, Alcides Garcia, by and through his counsel, Michael J. Rendon,

and respectfully submits this Sentencing Memorandum. Mr. Garcia requests this Honorable

Court to consider a sentence sufficient, but not greater than necessary, to comply with the

purposes of 18 U.S.C. § 3553.

Respectfully submitted

/s/ Michael J. Rendon
Michael J. Rendon (0080565)
Attorney for Defendant
55 Public Sq., Ste. 2100
Cleveland, Ohio 44113
216-341-5840
mjrendonllc@gmail.com

## MEMORANDUM IN SUPPORT

### I.     DEFENDANT'S BACKGROUND

Defendant, Alcides Garcia is a 47 year old Hispanic male citizen of the United States.

Like many other individuals who engage in criminal conduct, Mr. Garcia had a difficult

childhood and was the product of poverty. While still a newborn, his mother abandoned him, and

he was raised by his father in Ponce, Puerto Rico. He lived in a low-income neighborhood and

had to work at an early age to help support his family. He eventually succumbed to the

temptation of both the use and sale of drugs.

### II.    THE OFFENSE CONDUCT

On January 8, 2019, Mr. Garcia pled guilty, to counts One and Seven of the indictment

pursuant to a plea agreement. Mr. Garcia has willingly accepted responsibility for his conduct in

this case. Mr. Garcia is currently in custody, and has been since his arrest on December 7, 2017.

### III.   EVALUATION OF 18 U.S.C.A. §3553(a) FACTORS TO DETERMINE A REASONABLE SENTENCE.

In fashioning an appropriate sentence, the Court cannot presume that the Guideline range

is reasonable, rather, the Court must also consider the factors enumerated in 18 USC 3553(a) to

determine if an adjustment is warranted. *United States v. Booker*, 543 U.S. 220, 245-46, 125

S.Ct. 738, 160 L.Ed.2d 621 (2005). Section 3553(a) requires the Court to impose a sentence that

is sufficient, but not greater than necessary and lists factors to be considered in imposing a

sentence. Those factors include: (1) the nature and circumstances of the offense and the history

and characteristics of the defendant; (2) the need for the sentence imposed to reflect the

seriousness of the offense, provide just punishment, afford adequate deterrence to criminal

conduct, protect the public from further crimes of the defendant, provide the defendant with

needed training, care or treatment; (3) the kinds of sentences available; (4) the kinds and range of sentence under the guidelines; (5) pertinent policy statements by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct", and (7) the need to provide restitution.

Since *Booker* and its progeny, the sentencing court may now consider even those mitigating factors that the advisory guidelines prohibit, e.g., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etc. See: *United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005) ("the guidelines" prohibition of considering these factors cannot be squared with the Section 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the Defendant… thus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the Section 3553(a)(1) factors might call for a sentence outside the guideline range").

## IV.      THE DEFENDANT'S SENTENCING REQUEST

Mr. Garcia has done everything he can to take responsibility for the crimes he has committed and to show genuine remorse. He willfully took responsibility for his conduct in the criminal conspiracy and timely agreed to plead guilty pursuant to a negotiated plea agreement.

Mr. Garcia asks the Court to consider his unfortunate experiences as a youth as described in the background section of this memorandum, which certainly negatively impacted the course of his life. Although Mr. Garcia has had a few incidents related to criminal conduct, one case was over 20 years ago and the other was 17 years ago. He has never been associated with conduct related to violence.

Mr. Steele requests that the Court abide by the negotiated Rule 11 (c)(1)(B) plea agreement and the terms agreed to by the Government and Mr. Garcia. I addition, Mr. Garcia

requests that the Court order drug treatment so that he can work towards effectively dealing with his drug addiction problem. Finally, Mr. Garcia requests that the Court give him credit for time served during the pendency of these proceedings

## V.       CONCLUSION

Mr. Garcia respectfully requests that this Honorable Court consider all of the enumerated factors of 18 U.S.C. § 3553(a) and impose a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing.

Respectfully submitted,

/s/ Michael J. Rendon
Michael J. Rendon (0080565)
Attorney for Defendant
55 Public Square, Ste. 2100
Cleveland, Ohio 44113
216-341-5840
mjrendonllc@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2019, a copy of the Defendant's Sentencing

Memorandum was filed electronically. Notice of this filing will be sent by operation of the

Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

/s/Michael J. Rendon
Michael J. Rendon
Attorney for Defendant